# UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| Callie K Stith | § | Case No. 15-20836 |
| | § | |
| Debtor | § | |

## AMENDED TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 06/16/2015 . The undersigned trustee was appointed on 06/16/2015 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of      $      110,000.00

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Payments made under an interim disbursement | 0.00 |
   | Administrative expenses | 54,021.73 |
   | Bank service fees | 766.84 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 0.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of[1]    $ | 55,211.43 |

   The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was  10/20/2015  and the deadline for filing governmental claims was  12/14/2015 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 8,750.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00  as interim compensation and now requests a sum of $ 8,750.00 , for a total compensation of $ 8,750.00 [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 63.10 , for total expenses of $ 63.10 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 08/20/2018                    By:/s/Zane L. Zielinski, Trustee
                                            Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 15-20836 | BWB | Judge: | Bruce W. Black | Trustee Name: | Zane L. Zielinski, Trustee |
|---|---|---|---|---|---|---|
| Case Name: | Callie K Stith | | | | Date Filed (f) or Converted (c): | 06/16/2015 (f) |
| | | | | | 341(a) Meeting Date: | 07/20/2015 |
| For Period Ending: | 08/20/2018 | | | | Claims Bar Date: | 10/20/2015 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Location: 1621 1/2 Canal St, Ottawa Il 61350 | 84,500.00 | 0.00 | | 0.00 | FA |
| 2. Checking Account - Financial Plus Credit Union | 100.00 | 0.00 | | 0.00 | FA |
| 3. Savings Account - Financial Plus Credit Union | 50.00 | 0.00 | | 0.00 | FA |
| 4. Miscellaneous Household Goods, Furniture & Furnishings. | 900.00 | 0.00 | | 0.00 | FA |
| 5. Wearing Apparel | 60.00 | 0.00 | | 0.00 | FA |
| 6. Prudential - Whole Life | 800.00 | 0.00 | | 0.00 | FA |
| 7. 2009 Mercury | 5,500.00 | 0.00 | | 0.00 | FA |
| 8. Lawsuit Against American Family Insurance Company (u) | 110,000.00 | 180,000.00 | | 110,000.00 | FA |
| INT. Void (u) | 0.00 | N/A | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)       $201,910.00       $180,000.00       $110,000.00       $0.00

(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

The Trustee has retained counsel and filed a lawsuit in federal court. The case has been settled for $110,000, and the Trustee will need to file a tax return.

Initial Projected Date of Final Report (TFR): 06/01/2017       Current Projected Date of Final Report (TFR): 12/30/2018

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | |
|---|---|---|
| Case No: 15-20836 | Trustee Name: | Zane L. Zielinski, Trustee |
| Case Name: Callie K Stith | Bank Name: | Associated Bank |
| | Account Number/CD#: | XXXXXX2245 |
| | | Checking |
| Taxpayer ID No: XX-XXX4007 | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: 08/20/2018 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 11/10/17 | 8 | American Family Insurance Group US Bank National Association | Settlement Funds | 1249-000 | $110,000.00 | | $110,000.00 |
| 12/07/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $110.75 | $109,889.25 |
| 12/11/17 | 5001 | The Law Offices of William J. Factor, LTD 105 W. Madison Suite 1500 Chicago, IL 60602 | Trustee's Attorneys Fees and Expenses | | | $37,170.93 | $72,718.32 |
| | | The Law Offices of William J. Factor, LTD | ($33,666.67) | 3110-000 | | | |
| | | The Law Offices of William J. Factor, LTD | ($3,504.26) | 3220-000 | | | |
| 12/22/17 | 5002 | Zielinski, Zane L. 6336 N. Cicero Avenue Suite 201 Chicago, Illinois 60646 | Attorney Fees Reversal Incorrect Payor on the check | 3110-000 | | ($3,000.00) | $75,718.32 |
| 12/22/17 | 5002 | Zielinski, Zane L. 6336 N. Cicero Avenue Suite 201 Chicago, Illinois 60646 | Attorney Fees | 3110-000 | | $3,000.00 | $72,718.32 |
| 12/22/17 | 5003 | The Law Offices of William J. Factor, LTD 105 W. Madison Suite 1500 Chicago, IL 60602 | | 3110-000 | | $3,000.00 | $69,718.32 |
| 01/08/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $153.87 | $69,564.45 |
| 02/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $103.45 | $69,461.00 |
| 03/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $93.28 | $69,367.72 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*       Page Subtotals:       $110,000.00       $40,632.28

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | | |
|---|---|---|
| Case No: 15-20836 | Trustee Name: | Zane L. Zielinski, Trustee |
| Case Name: Callie K Stith | Bank Name: | Associated Bank |
| | Account Number/CD#: | XXXXXX2245 |
| | | Checking |
| Taxpayer ID No: XX-XXX4007 | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: 08/20/2018 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 03/08/18 | 5004 | International Sureties, LTD.<br>Suite 420<br>701 Pydras Street<br>New Orleans, LA 70139 | Yearly Bond | 2300-000 | | $31.80 | $69,335.92 |
| 04/06/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $103.10 | $69,232.82 |
| 05/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $99.61 | $69,133.21 |
| 05/25/18 | 5005 | United States Treasury<br>Department of the Treasury<br>Internal revenue Service<br>Kansas City, MO 64999-0048 | Distribution | 2810-000 | | $10,570.00 | $58,563.21 |
| 05/25/18 | 5006 | Illinois Department of Revenue<br>PO Box 19053<br>Springfield, IL 62794-9053 | Distribution | 2810-000 | | $3,249.00 | $55,314.21 |
| 06/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $102.78 | $55,211.43 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $110,000.00 | $54,788.57 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $110,000.00 | $54,788.57 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $110,000.00 | $54,788.57 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*  Page Subtotals: $0.00  $14,156.29

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX2245 - Checking | $110,000.00 | $54,788.57 | $55,211.43 |
|  | $110,000.00 | $54,788.57 | $55,211.43 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $0.00 |
|---|---|
| Total Net Deposits: | $110,000.00 |
| Total Gross Receipts: | $110,000.00 |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-20836
Case Name: Callie K Stith
Trustee Name: Zane L. Zielinski, Trustee

| | | |
|---|---|---|
| Balance on hand | $ | 55,211.43 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Zane L. Zielinski, Trustee | $ 8,750.00 | $ 0.00 | $ 8,750.00 |
| Trustee Expenses: Zane L. Zielinski, Trustee | $ 63.10 | $ 0.00 | $ 63.10 |
| Attorney for Trustee Fees: The Law Offices of William J. Factor, LTD | $ 36,666.67 | $ 36,666.67 | $ 0.00 |
| Attorney for Trustee Expenses: The Law Offices of William J. Factor, LTD | $ 3,504.26 | $ 3,504.26 | $ 0.00 |
| Accountant for Trustee Fees: Alan D. Lasko & Associates P.C. | $ 1,568.30 | $ 0.00 | $ 1,568.30 |
| Accountant for Trustee Expenses: Alan D. Lasko & Associates P.C. | $ 20.68 | $ 0.00 | $ 20.68 |
| Other: US Treasury | $ 193.81 | $ 0.00 | $ 193.81 |
| Other: Illinois Department of Revenue | $ 3,249.00 | $ 3,249.00 | $ 0.00 |
| Other: United States Treasury | $ 10,570.00 | $ 10,570.00 | $ 0.00 |

| | |
|---|---|
| Total to be paid for chapter 7 administrative expenses | $ 10,595.89 |
| Remaining Balance | $ 44,615.54 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 307,087.67  have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be  14.5  percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Discover Bank | $ 1,197.87 | $ 0.00 | $ 174.03 |
| 2 | Quantum3 Group Llc As Agent For | $ 1,258.25 | $ 0.00 | $ 182.81 |
| 3 | Quantum3 Group Llc As Agent For | $ 415.03 | $ 0.00 | $ 60.30 |
| 4 | Capital One Bank (Usa), N.A. | $ 3,049.17 | $ 0.00 | $ 443.00 |
| 5 | Capital One Bank (Usa), N.A. | $ 1,153.11 | $ 0.00 | $ 167.53 |
| 6 | Capital One, N.A. | $ 890.11 | $ 0.00 | $ 129.32 |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 7 | Quantum3 Group Llc As Agent For | $ 568.36 | $ 0.00 | $ 82.57 |
| 8 | American Infosource Lp As Agent For | $ 7,502.00 | $ 0.00 | $ 1,089.94 |
| 9 | Capital Recovery V, Llc | $ 4,071.91 | $ 0.00 | $ 591.59 |
| 10 | Capital Recovery V, Llc | $ 2,818.73 | $ 0.00 | $ 409.52 |
| 11 | Capital Recovery V, Llc | $ 1,894.88 | $ 0.00 | $ 275.30 |
| 12 | Christina Marshall | $ 278,829.82 | $ 0.00 | $ 40,510.07 |
| 13 | Synchrony Bank | $ 273.85 | $ 0.00 | $ 39.79 |
| 14 | Portfolio Recovery Associates, Llc | $ 2,436.63 | $ 0.00 | $ 354.01 |
| 15 | Pyod, Llc | $ 727.95 | $ 0.00 | $ 105.76 |

Total to be paid to timely general unsecured creditors       $       44,615.54

Remaining Balance       $       0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE